IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REPUBLIC OF NICARAGUA,<br><br>  Petitioner,<br><br>  v.<br><br>HILLS EXPLORATION CORPORATION, et al.,<br><br>  Respondents. | Case No. 24-cv-03104-MMC<br><br>**ORDER DENYING BARISH RESPONDENTS' MOTION TO DISMISS; VACATING HEARING** |

Before the Court is the Motion, filed September 19, 2024, "to Dismiss Petitioners' Amended Petition to Recognize and Enforce ICSID Arbitral Award," filed by respondents David A. Barish and Gale Ruth Feuer Barish, in their capacities as trustees of the Barish Family Trust of 2008 ("Barish Respondents"). Petitioner the Republic of Nicaragua ("Nicaragua") has filed opposition, to which Barish Respondents have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for October 25, 2024, and rules as follows.

In its Amended Petition ("AP"), Nicaragua seeks to "enforce the [r]espondents' pecuniary obligations imposed by a March 1, 2023 arbitral award ('Award') issued under the Convention on the Settlement of Investment Disputes between States and Nationals of Other States . . . ('ICSID Convention')." (See AP ¶ 1.) Specifically, the arbitration tribunal ruled against Barish Respondents and others, who had brought claims against Nicaragua (see AP Ex. 1 ¶¶ 9, 253-54, 569), and awarded Nicaragua the sum of $1,500,000 "in respect of Nicaragua's costs and expenses" (see AP Ex. 1 ¶ 617).

The ICSID Convention "established an international institution – the International Centre for Settlement of Investment Disputes (the 'Centre' . . .) – under whose authority arbitration panels may be convened to adjudicate disputes between international investors and host governments in 'Contracting States," namely, "those countries whose governments have adopted the Convention." See Mobil Cerro Negro, Ltd., v. Bolivarian Republic of Venezuela, 863 F.3d 96, 101 (2nd Cir. 2017).[1]  Under the terms of the Convention, "a party dissatisfied with an award may challenge it on various grounds, but may do so only through proceedings at the Centre and not collaterally in the courts of member states." See id.  "The limited role played by the member states' courts is articulated in Article 54 of the Convention, which provides that the member states agree to 'recognize' ICSID awards 'as binding' and to 'enforce the pecuniary obligations by that award.'" See id. (quoting Article 54 of the Convention).

Barish Respondents argue the instant action is, to the extent asserted against them, subject to dismissal for lack of personal jurisdiction.  In support thereof, they cite Shaffer v. Heitner, 422 U.S. 186 (1977), in which the Supreme Court found, in a suit brought for breach of fiduciary duty, the plaintiff could not establish personal jurisdiction based on the defendants' ownership of property in the forum state, see id. at 190, 213, setting forth a general rule that "all assertions of state-court jurisdiction must be evaluated according to the standards set forth in International Shoe and its progeny," see id. at 212, which require a showing that the defendant has "certain minimum contacts" with the forum, see id. at 203 (internal quotation and citation omitted).

In response, Nicaragua does not contend Barish Respondents have minimum contacts, but, rather, that, in an enforcement action, such as the instant case, Barish Respondents' ownership of real property in California (see AP ¶ 8.b; Resp'ts' Mot. at 9:14) suffices to establish personal jurisdiction.  As set forth below, the Court agrees.

---

[1] The United States and Nicaragua are among the Contracting States that have adopted the Convention.  See https://icsid.worldbank.org/en/Pages/about/Database-of-Member-States.aspx.

In Shaffer, the Supreme Court appears to acknowledge, as to enforcement actions, an exception to the above-quoted general rule, noting "[o]nce it has been determined by a court of competent jurisdiction that the defendant is a debtor of the plaintiff, there would seem to be no unfairness in allowing an action to realize on that debt in a State where the defendant has property, whether or not that State would have jurisdiction to determine the existence of the debt as an original matter." See Shaffer, 422 U.S. at 210 n.36.

Indeed, the Ninth Circuit has interpreted Shaffer as creating such an exception. Specifically, in Office Depot, Inc. v. Zuccarini, 596 F.3d 696 (9th Cir. 2010), the Ninth Circuit held a plaintiff, who had obtained a monetary judgment against the defendant in a prior action, established personal jurisdiction over such defendant in a later-filed enforcement action, based solely on the defendant's ownership of property in that subsequent forum. See id. at 699, 703. In so ruling, the Ninth Circuit, citing Shaffer, held, "[i]n an action to execute on a judgment, due process concerns are satisfied, assuming proper notice, by the previous rendering of a judgment by a court of competent jurisdiction." See id. at 700 (citing Shaffer, 433 U.S. at 210 n.36).

The remaining question, which the Court answers in the affirmative, is whether the issuance of the Award can be treated as a "previous rendering of a judgment by a court of competent jurisdiction." See id. As set forth in 22 U.S.C. § 1650a, "pecuniary obligations" imposed by an ICSID award "shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States." See 22 U.S.C. § 1650a; see also Mobil Cerro, 863 F.3d at 102 (explaining Congress enacted § 1650a to "implement" ICSID).[2]

---

[2] Barish Respondents' reliance on Base Metal Trading, Ltd. v. OJSC, 283 F.3d 208 (4th Cir. 2002) and Sociedad Concesionaria Metropolitana de Salud S.A., 2024 WL 4333144 (D. Del. September 27, 2024) is unavailing, as, in those cases, the plaintiff sought an order confirming an arbitration award that was not rendered in an ICSID proceeding, i.e., no court of competent jurisdiction had rendered a decision the plaintiff sought to enforce, and, consequently, the exception set forth in Shaffer was inapplicable.

In light of the above, the Court finds it has personal jurisdiction over Barish Respondents based on the property they own in California.[3]

Lastly, Barish Respondents argue Nicaragua cannot establish venue. The Court disagrees. Where, as here, all defendants do not reside in a single state and a substantial part of the events giving rise to the claim did not occur in any judicial district, venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." See 28 U.S.C. § 1391(b). Here, as set forth above, Barish Respondents are subject to personal jurisdiction with respect to the instant enforcement action.

Accordingly, the motion to dismiss is hereby DENIED.

**IT IS SO ORDERED.**

Dated: October 16, 2024

MAXINE M. CHESNEY
United States District Judge

---

[3] The Court declines to consider herein Barish Respondents' request, made for the first time in their reply, that the Court certify for interlocutory appeal any decision finding personal jurisdiction exists, Nicaragua having had no opportunity to respond thereto. The Court notes, however, that the cases on which Barish Respondents rely to establish the existence of a substantial ground for difference of opinion did not address actions to enforce a prior judgment. (See Resp'ts' Reply at 15:13-23; see also id. at 8:16-9:21.)