IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REPUBLIC OF NICARAGUA,<br><br>Petitioner,<br><br>v.<br><br>HILLS EXPLORATION CORPORATION, et al.,<br><br>Respondents. | Case No. 24-cv-03104-MMC<br><br>**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR ORDER PERMITTING ALTERNATIVE METHOD OF SERVICE** |

Before the Court is petitioner The Republic of Nicaragua's ("Nicaragua") "Motion for Order Permitting Alternative Method of Service of Summons and Amended Petition," filed November 19, 2024, as corrected November 20, 2024. No response to the Motion has been filed. Having read and considered the motion, the Court rules as follows.[1]

In its Amended Petition ("AP"), Nicaragua seeks to "enforce the [r]espondents' pecuniary obligations imposed by a March 1, 2023 arbitral award ('Award') issued under the Convention on the Settlement of Investment Disputes between States and Nationals of Other States." (See AP ¶ 1.) Specifically, in the Award, the arbitration tribunal ruled against respondents, who had brought claims against Nicaragua, and awarded Nicaragua "its costs and expenses in the amount of $1,500,000." (See AP ¶¶ 12-13, 18.)

By the instant motion, Nicaragua seeks leave, pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, to serve the summons and a copy of the AP on the following three respondents in the following proposed manner: (1) serving respondent

---

[1] By order filed January 6, 2024, the Court took the matter under submission.

David Michael Goyne ("David Goyne") by email; (2) serving respondent Emily Lopez Goyne ("Emily Goyne") by email; and (3) and serving respondent Michael David Goyne ("Michael Goyne") by WhatsApp, a telephone message application.

Rule 4(f) provides as follows:

(f) Serving an Individual in a Foreign Country.  Unless federal law provides otherwise, an individual --other than a minor, an incompetent person, or a person whose waiver has been filed -- may be served at a place not within any judicial district of the United States:

>  (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
>  (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>>
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
>  (3) by other means not prohibited by international agreement, as the court orders.

See Fed. R. Civ. P. 4(f).

As noted, Rule 4(f) sets forth the manner in which a person may be served "at a place not within any judicial district in the United States," i.e., a place "in a Foreign Country." See id.  Here, Nicaragua has offered evidence that David Goyne lived at a specified address in Hawaii until June 2020 (see Trujillo Decl. Ex. 3), and that Emily Goyne and Michael Goyne lived at a specified address in Hawaii until April 2024 (see id.

Exs. 1-2). In an effort to show that each of those respondents thereafter moved to a foreign country, counsel for Nicaragua states, in a declaration, that, on or about August 1, 2024, counsel for some of the other respondents "conveyed to [counsel for Nicaragua] that [David Goyne and Emily Goyne] are believed to live abroad in the Philippines and that [Michael Goyne] is believed to live abroad in Guatemala." (See id. ¶ 8.) No showing has been made, however, to establish the basis for such beliefs. Consequently, the Court finds Nicaragua has not sufficiently shown any of said three respondents resides outside of the United States.

Moreover, even assuming those three respondents reside outside of the United States, service under Rule 4(f)(3) is appropriate only "when the particularities and necessities of [the] case require alternative service." See Rio Properties, Inc. v. Rio International Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002).

In that regard, where requests under Rule 4(f)(3) seek leave to serve by email, district courts "generally require a showing service by email is necessary[,] for example, because the defendant's physical address is not known," see Astral IP Enterprise Ltd., 2023 WL 5498730, at *2 (N.D. Cal. August 23, 2023), and/or there is evidence the defendant is attempting to "evade" service, see Rubie's Costume Co. v. Yiwu Hua Hao Toys Co., 2019 WL 6310564, at *3 (W.D. Wash. November 25, 2019). Here, however, Nicaragua does not contend it has made any attempt to locate a physical address for David Goyne and Emily Goyne in the Philippines or for Michael Goyne in Guatemala, or that any respondent is evading service.[2]

Where requests under Rule 4(f)(3) seek leave to serve by use of WhatsApp, courts that have approved service in such manner have done so "as a backdrop for service for other means," e.g., where service also occurs by publication or by email, see Kumar v. Alhunaif, 2023 WL 8527671, at *5 (S.D. N.Y. December 8, 2023) (citing cases;

---

[2] Wherever David Goyne, Emily Goyne, and Michael Goyne may have moved after they vacated their respective former residences in Hawaii, they did so before the instant lawsuit was filed.

3

1  internal quotation and citation omitted), or where prior attempts to serve by other means
2  prove ineffectual, see, e.g., Hunt v. Aslam, 2023 WL 3510961, at *2 (D. Utah May 17,
3  2023) (finding service by WhatsApp appropriate in light of plaintiff's prior unsuccessful
4  efforts to serve defendant "personally, by mail, and by email").  Nicaragua has cited no
5  case, and the Court has not located one, finding service by WhatsApp or a similar service
6  was appropriate under Rule 4(f)(3), in the absence of any prior attempt to serve the
7  defendant by other means authorized under Rule 4(f) or a showing that such attempt
8  would be futile.[3]

9        Lastly, a plaintiff seeking an order allowing alternative forms of service must show
10  the use of the particular manner of service, i.e., the specific email or WhatsApp account,
11  would be "reasonably calculated to apprise [the party to be served] of the pendency of
12  the action and afford it an opportunity to respond."  See Rio Properties, 284 F.3d at 1017.
13        With respect to email addresses, courts have found such showing is made where
14  the plaintiff has "verifie[d] the email address and demonstrate[d] its current functionality,"
15  see Mighty Dreams LLC v. Shenzhen Beianen Automotive Supplies Co., 2024 WL
16  4979863, at *2 (W.D. Wash. December 4, 2024) (citing cases), such as, for example,
17  where "email validation services" had established the subject emails are "operational,"
18  see Kumar, 2023 WL 8527671, at *4, or where "investigators sent test messages to
19  [defendants]" and all defendants "responded to the test messages," see Keck v.
20  Alibaba.com, Inc., 2017 WL 10820533, at *1, *3 (N.D. Cal. December 20, 2017).  With
21  respect to WhatsApp, courts have found a sufficient showing was made where, for
22  example, WhatsApp "confirmed" the defendant had an "active" account that had been

---

[3] St. Francis Assisi v. Kuwait Finance House, 2016 WL 5725002 (N.D. Cal. September 30, 2016, cited by Nicaragua, is consistent with the holdings in the above-cited cases but distinguishable on its facts from those presented here.  In particular, in St. Francis Assisi, the district court approved alternative service "via Twitter" on a defendant located in a foreign country but did so in light of a showing that other forms of service were not possible, such as personal service, in that the defendant therein could not be located "through skip-trace," nor could he be served through the foreign country's "Central Authority," as said Central Authority "refused to accept the summons and complaint."  See id. at *1.

4

"opened and viewed" shortly before the plaintiff sought relief under Rule 4(f), see Kumar, 2023 WL 8527671, at *5, or where an investigator determined the defendant's account was "authentic" and that he used it "for communication purposes," see Hunt, 2023 WL 3510961, at *2.

Here, Nicaragua has made no such showing, either as to the email addresses it proposes be used to serve David Goyne and Emily Goyne, or the WhatsApp account it proposes be used to serve Michael Goyne. Although Nicaragua states it received the email addresses and WhatsApp account number from the above-referenced counsel for other respondents, and refers to those addresses and number as, respectively, "the last-known e-mail addresses" and "the last-known WhatsApp phone number" (see Trujillo Decl. ¶ 9), Nicaragua has made no showing that those email addresses and WhatsApp number have, in fact, been verified by Nicaragua or anyone else.

Accordingly, for all the reasons set forth above, the motion will be denied, without prejudice to renewal upon a more detailed showing.

## CONCLUSION

Nicaragua's motion for order permitting alternative methods is hereby DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: January 31, 2024

MAXINE M. CHESNEY
United States District Judge