IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REPUBLIC OF NICARAGUA,<br><br>Petitioner<br><br>v.<br><br>THE LOPEZ-GOYNE FAMILY, et al.,<br><br>Respondents. | Case No. 24-cv-03104-MMC<br><br>**ORDER GRANTING PETITIONER'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON ISSUE OF JOINT AND SEVERAL LIABILITY** |

Before the Court is petitioner the Republic of Nicaragua's ("Nicaragua") "Motion for Partial Summary Judgment on the Issue of Joint and Several Liability/Apportionment," filed February 21, 2025. On March 7, 2025, the respondents that have filed answers (hereinafter, "Appearing Respondents") filed a Joint Opposition,[1] to which Nicaragua has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[2]

In its Amended Petition ("AP"), Nicaragua seeks to "enforce the [r]espondents' pecuniary obligations imposed by [the International Centre for Settlement of Investment Disputes ('ICSID') in] a March 1, 2023 arbitral award ('Award') issued under the Convention on the Settlement of Investment Disputes between States and Nationals of

---

[1] Respondents who have filed answers are (1) James John Bochnowski in his individual capacity and as Trustee of the Bochnowski Family Trust, (2) Janet Bochnowski in her individual capacity and as Trustee of the Bochnowski Family Trust, (3) David A. Barish as Trustee of the Barish Family Trust of 2008, (4) Gale Ruth Feuer Barish as Trustee of the Barish Family Trust of 2008, (5) Elsbeth Irene Foster, and (6) Walter John Bilger. The remaining respondents have either not been served, or, if served, have not appeared.

[2] By order filed March 31, 2025, the Court took the matter under submission.

Other States . . . ('ICSID Convention')" (see AP ¶ 1), which obligations are, Nicaragua alleges, owed "jointly and severally" by each respondent (see AP ¶ 19).  In their respective answers, Appearing Respondents deny that any such obligation is owed jointly and severally (see Doc Nos. 71 ¶ 19, 72 ¶ 19, 77 ¶ 19), but, rather, allege that, if the award is enforceable, the amount awarded is owed "only several[ly]" (see Doc Nos. 71 ¶ 56, 72 at 11:5-6, 77 at 10:5-6).

As explained in the Award,[3] the "Claimants" in the arbitration proceedings, who include all respondents named in the instant action, had asserted against Nicaragua claims arising under the Dominican Republic-Central America-United States Free Trade Agreement.  (See Award ¶¶ 1, 9, 253-54.)[4]  The Arbitral Tribunal found the Claimants had failed to establish a breach of said trade agreement by Nicaragua (see id. ¶ 569), and issued the following monetary award in favor of Nicaragua and against the Claimants: "Claimants shall pay US$ 1,500,000 to [Nicaragua] in respect of Nicaragua's costs and expenses" (see id. ¶ 617).

By the instant motion, Nicaragua does not seek an order enforcing the Award, but, rather, "partial summary judgment" on the issue of whether "Claimants" are liable jointly and severally for the amount awarded, which question Nicaragua contends should be answered in the positive.  (See Pet'r's Mot. at 1:3-11.)  To address this question, the Court first sets forth the law governing enforcement of awards issued under the ICSID Convention procedures.

The ICSID Convention, which was "entered into force" in 1966, established the ICSID, under whose authority "arbitration panels may be convened to adjudicate disputes between international investors and host governments in 'Contracting States'," namely,

---

[3] A certified copy of the Award is attached to the Declaration of Marco Molina (Doc. No. 63-1) as Exhibit 1.

[4] The Claimants asserted they are shareholders in a company called Industria Oklahoma Nicaragua S.A. ("ION"), which company had a contract with Nicaragua.  (See Award ¶¶ 3, 5.)

"those countries whose governments have adopted the Convention." See Mobil Cerro Negro, Ltd., v. Bolivarian Republic of Venezuela, 863 F.3d 96, 101 (2nd Cir. 2017).[5] "The limited role played by the member states' courts is articulated in Article 54 of the [ICSID] Convention," id., which Article, in relevant part, provides as follows:

> Each Contracting State shall recognize an award rendered pursuant to th[e] Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State. A Contracting State with a federal constitution may enforce such an award in or through its federal courts and may provide that such courts shall treat the award as if it were a final judgment of the courts of a constituent state.

See ICSID Convention, Regulations and Rules art. 54(1).[6] Congress, in turn, has "implement[ed]" such Article by enacting 22 U.S.C. § 1650a, see Mobil Cerro Negro, 863 F.3d at 102, which statute provides that the "pecuniary obligations" imposed by an ICSID arbitral award "shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States," see 22 U.S.C. § 1650a.

Under the terms of the ICSID Convention, as implemented by § 1650a, a "[c]ourt's role in enforcing an ICSID arbitral award" is "exceptionally limited," leaving a court to "ensure" that "it has subject-matter and personal jurisdiction," that "the award is authentic," and that "its enforcement order is consistent with the award." See TECO Guatemala Holdings, LLC v. Republic of Guatemala, 414 F. Supp. 3d 94, 101 (D. D.C. 2019). Here, Nicaragua's motion for partial summary judgment implicates the last of these issues, namely, whether an enforcement order stating the obligation is owed jointly and severally is consistent with the Award.

Appearing Respondents contend the Award is ambiguous as to whether the sum awarded is owed jointly and severally and that this Court lacks the authority to resolve the

---

[5] The United States and Nicaragua have adopted the ICSID Convention. See https://icsid.worldbank.org/en/Pages/about/Database-of-Member-States.aspx.

[6] A copy of the ICSID Convention, Regulations and Rules is attached to the Declaration of Marco Molina (Doc. No. 63-1) as Exhibit 2.

ambiguity. Rather, they contend, Nicaragua should be required to seek clarification under the procedure set forth in Article 50 of the ICSID Convention, which article provides that, "[i]f any dispute shall arise between the parties as to the meaning or scope of an award, either party may request interpretation of the award by an application in writing addressed to the Secretary-General." See ICSID Convention, Regulations and Rules art. 50(1).

In support of their position, Appearing Respondents cite Duke Energy Int'l Peru Investments No. 1 Ltd. v. Republic of Peru, 892 F. Supp. 2d 53 (D. D.C. 2012), the one case that, to the Court's knowledge, has endeavored to identify the circumstances under which it would be appropriate to ask an ICSID tribunal to clarify the meaning of an award, a procedure Duke Energy refers to as a "remand." See id. at 57. In particular, citing to cases addressing when "remand" to a non-ICSID arbitral panel would be appropriate, Duke Energy noted that "[r]emanding an arbitral award is an exceptional remedy, a procedure to avoid if possible, given the interest in prompt and final arbitration." See id. (internal quotation and citation omitted). Duke Energy then continued:

> Although remand is strongly disfavored, courts have the authority to remand if the award itself is ambiguous or fails to address a contingency that later arises. Ambiguity, however, requires something more substantial than a disagreement between the parties. Rather, the award must be so ambiguous that a court is unable to discern how to enforce it, with the arbitrator's intent hopelessly difficult to determine.

See id. (internal quotations and citations omitted).[7]

Here, Appearing Respondents fail to show the Arbitral Tribunal's intent is "hopelessly difficult to determine." See id. In particular, the Court finds the language used by the Arbitral Tribunal, namely, "Claimants shall pay US$ 1,500,000 to [Nicaragua] in respect of Nicaragua's costs and expenses," is consistent with an intent to impose joint and several liability, as it refers to a single group, "Claimants," having an obligation to pay

---

[7] Neither party has cited, and the Court has not located, any court decision that, in the approximately 60 years in which the USCID Convention has existed, has "remanded" a petition to enforce an ICSID award.

4

a single amount, US$ 1,500,000. The Court finds the language is not consistent with an intent that each claimant be responsible only for some portion of the amount awarded. Had that been the Arbitral Tribunal's intent, the award necessarily would have included language indicating the manner by which the portion owed by each claimant would be calculated, a division not otherwise legally dictated.[8]

Under such circumstances, the Court concludes there is no ambiguity requiring clarification and further finds the enforcement order proposed by Nicaragua, namely, that "Claimants" are jointly and severally liable for the amount awarded, is "consistent with the award." See TECO Guatemala Holdings, 414 F. Supp. 3d at 101.

Accordingly, Nicaragua's motion will be granted.[9]

## CONCLUSION

For the reasons stated, Nicaragua's motion for partial summary judgment on the issue of whether the Award provides that Claimants are jointly and severally liable for the amount awarded is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: May 5, 2025

MAXINE M. CHESNEY
United States District Judge

---

[8] Indeed, Appearing Respondents identify at least three possible ways in which a several award might be calculated. (See Resp't's Opp. at 18:13-19:1 (arguing "appropriate metric for allocating several liability against [respondents] is their documented ION shareholder ownership," or "an adjusted shareholder ownership based on the fact that only 58.2% of total ION shareholders participated as ICSID Claimants," or "an equal share allocation").)

[9] In support of their respective positions on the issue of joint and several liability, Nicaragua cites to cases applying either California law or federal law, and Appearing Respondents cite to the Nicaragua Civil Code. The cited authority, however, is of little, if any, relevance, as, under the terms of the USCID Convention, the Arbitral Tribunal was not obligated to apply the law of any particular state or country, nor is there any indication it did so. See ICSID Convention, Regulations and Rules art. 61(2) (providing "Tribunal shall, except as the parties otherwise agree, assess the expenses by the parties in connection with the proceedings, and shall decide how and by whom those expenses . . . shall be paid"); see also Award ¶ 615 (stating "[t]he Parties do not dispute that [Art. 61(2)] gives arbitral tribunals discretion to allocate all costs of the arbitration, including attorney's fees and other expenses, between the Parties as it deems appropriate").