IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REPUBLIC OF NICARAGUA,<br><br>Petitioner<br><br>v.<br><br>HILLS EXPLORATION CORPORATION, et al.,<br><br>Respondents. | Case No. 24-cv-03104-MMC<br><br>**ORDER DENYING RESPONDENTS' MOTION TO STAY** |

Before the Court is respondents James John Bochnowski and Janet Bochnowski's (collectively, "the Bochnowskis") Motion to Stay, filed October 3, 2025, whereby said respondents seek an order staying, pending appeal, enforcement of the Amended Judgment, entered September 16, 2025,[1] by which the Court confirmed an arbitral award issued under the Convention on the Settlement of Investment Disputes between States and Nationals of Other States and awarding in favor of the Republic of Nicaragua the sum of $1,500,000; in connection with such stay, the Bochnowskis seek an order relieving them of the requirement, set forth in Rule 62(b) of the Federal Rules of Civil Procedure, that they post a bond or other security in order to obtain a stay pending appeal.  Alternatively, based on their asserted concern the federal government may prosecute them or otherwise take adverse action against them for paying to the Republic of Nicaragua the sum awarded in the above-referenced Judgment, the Bochnowskis seek an order staying enforcement of said Judgment pending their applying for a license from

---

[1] The Motion to Stay cites only to the initial Judgment, entered September 4, 2025. The Court, however, understands the Bochnowskis' arguments to be directed to the operative Judgment, i.e., the Amended Judgment.

the Office of Foreign Assets Control ("OFAC") that would "allow payment of the Judgment to sanctioned parties." (See Bochnowski's Mot. at 5:15-18.) Respondents Elsbeth Foster, Walter John Bilger, David A. Barish, and Gale Ruth Feuer Barish have collectively filed a Notice of Joinder. Petitioner the Republic of Nicaragua has filed opposition, to which the Bochnowskis have replied. As set forth below, the motion will be denied.

First, as to a stay pending appeal, the Bochnowskis rely on the test set forth in Hilton v. Braunskill, 481 U.S. 770 (1987), but fail to make any showing, let alone the requisite "strong showing," they are "likely to succeed on the merits" of said appeal. See id. at 776 (setting forth requisite showing for stay on appeal).

Although an appellant, in the absence of a likelihood of success, "may obtain a stay by providing a bond or other security," see Fed. R. Civ. P. 62(b), the Bochnowskis, citing Dillon v. City of Chicago, 866 F.2d 902 (7th Cir. 1988), seek, as noted, an order excusing them from such requirement. In Dillon, the Seventh Circuit identified five "criteria" to be considered by a district court in determining whether "to waive the posting of bond": "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." See id. at 904-05 (internal quotations and citations omitted).

The Bochnowskis make no showing, however, that the holding in Dillon has been or would be adopted by the Ninth Circuit.[2] Moreover, the Bochnowskis have offered no evidence that they have and will continue to have funds to pay the judgment or that their ability to pay upon conclusion of the appellate proceedings otherwise is "plain," see id.;

---

[2] The Court also notes that the fourth and fifth criteria appear to be somewhat inconsistent.

rather, the Bochnowskis improperly seek to shift the burden to the Republic of Nicaragua to show they lack sufficient assets to pay the judgment in the event the Amended Judgment is affirmed at some future date.  Cf. id. at 905 (finding appellant submitted sufficient "affidavits" to establish entitlement to waiver-of-bond requirement; noting $484,000,000 fund from which judgment of approximately $167,000 was readily payable following resolution of appeal).

As to the Bochnowski's alternative request that enforcement of the Amended Judgment be stayed until they apply for a license from the OFAC, a proposition for which the Bochnowskis cite no authority, they fail to make a sufficient factual showing as to their above-referenced concern.  Although they argue they could be prosecuted or otherwise suffer some adverse consequence in the event they pay the Judgment to an entity subject to sanctions, see 83 Fed. Reg. 61505, they fail to show they face such risk, not only given the circumstances under which any transfer of assets likely would occur, i.e., an involuntary acquisition by a judgment creditor, but also because, contrary to the Bochnowskis' argument and as explained in the opposition (see Pet'r Opp. at 3:16-4:19, 5:25-6:12), the Republic of Nicaragua is not an entity as to which the United States has imposed sanctions.

Accordingly, for all the reasons stated above, the Motion to Stay is hereby DENIED.

**IT IS SO ORDERED.**

Dated: November 20, 2025

MAXINE M. CHESNEY
United States District Judge